Entered on Docket
November 24, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: November 23, 2009

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                                 No. 09-46720 EDJ

PAMELA CONLEY,                                 Chapter 7
                          Debtor./

MEMORANDUM: MOTION FOR RECOVERY OF VEHICLE

    On October 5, 2009, Pamela Conely, the above-named debtor, ("Debtor") filed a motion alleging that Travis Credit Union ("Creditor") improperly took possession of her property, a 2000 Mercedes Benz (the "Collateral"), in violation of the automatic stay of Bankruptcy Code § 362. A hearing was held November 19, 2009 at the court's request. John Mendonza appeared on behalf of Creditor. The Debtor appeared on her own behalf.

    The court holds that the automatic stay of Bankruptcy Code § 362 was not in effect at the time Creditor took possession of the Collateral.

    Because the debtor filed a Statement of Intention indicating that the debt secured by the Collateral "will be reaffirmed pursuant

Memorandum

to 11 U.S.C. § 524(c)" (see page 38 of debtor's petition, docket #1), the Debtor had thirty days following the first date set for the meeting of creditors to perform under the Statement of Intention, or the automatic stay of § 362 would terminate with respect to the Collateral. See § 521(a)(2)(B). In this case, the first date set for the meeting of creditors was August 18, 2009, giving the Debtor through September 17, 2009 to perform under the Statement of Intention. However, no reaffirmation agreement respecting the Collateral has been filed. Because the debtor did not perform her intention with respect to the collateral, the stay lifted by operation of law on September 18, 2009. According to Debtor's moving papers, Creditor took possession of the Collateral on September 22, 2009. The court holds under § 521(a)(2)(B) that no stay was in effect to prevent Creditor from taking possession of the Collateral when it did so.

The Debtor urges that the Statement of Intention filed with her petition was not authorized by her.[1] Unfortunately for the Debtor, even if this court were to find that the Statement of Intention is not valid, the stay would still not have been in effect at the time Creditor took possession of the Collateral. Bankruptcy Code § 362(h)(1) states that the stay is terminated with respect to personal property of the estate if the debtor fails to file a Statement of Intention and, if retaining the property, to enter into

---

[1] This contention is belied by her assertions at the November 29, 2009 hearing that she would "love to" reaffirm the obligation.

Memorandum  2

Case: 09-46720   Doc# 20   Filed: 11/23/09   Entered: 11/24/09 18:29:48   Page 2 of 4

a reaffirmation agreement within the time set by § 521(a)(2).  In
other words, regardless of whether or not Debtor indicated an intent
to reaffirm the obligation secured by the Collateral in her
Statement of Intent, she nevertheless was required to reaffirm the
obligation by September 18, 2009 if she wished to retain the
Collateral.  Because the Debtor did not do so, the stay lifted by
operation of law, and did not prevent Creditor from taking
possession of the Collateral.  The court holds under § 362(h)(1)
that no stay was in effect to prevent Creditor from taking
possession of the Collateral when it did so.

**END OF ORDER**

Memorandum 3

```
 1                             COURT SERVICE LIST

 2

 3   Pamela Conley
     139 Farraget St.
 4   Hercules, CA 94547

 5   John Mendonza
     Moore, Brewer, Jones, Tyler & North
 6   5870 Stoneridge Mall Road, Suite 206
     Pleasanton, CA 94588
 7
     Lois I. Brady
 8   P.O. Box 12754
     Oakland, CA 94604
 9
     Office of the U.S. Trustee
10   1301 Clay St. #690N
     Oakland, CA 94612
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

     Memorandum                            4
```